May it please the court and counsel, this is an interesting case involving substantive reasonableness of a sentence. As we all know, a court can vary from the guidelines. A court can award a sentence that's above or below the guidelines. But when it does so, it has to do so on the basis of an individualized factual analysis for each case. And the greater the variance or departure from the guidelines, the greater the justification has to be. I don't think there's any question about these principles. In this case, the sentencing judge departed from the guidelines on the sole factor of protection of the public from potential crimes by the defendant. So the factor of specific deterrence. And the judge identified four specific facts that he thought justified this higher sentence. I don't think the facts that the judge relied on were sufficient to justify the departure. And I'd like to explain why. I think that one way that we have to start by looking at this is we have to start by thinking about a continuum. There is some type of extremes and there's something in the middle. But there is a continuum. Judge Erickson, first of all, talked about the defendant's horrendous record of offending against children. Now this defendant does have a condition . . . to be abused for two years. A ten-year sentence was inadequate and we reversed. I don't know if you're familiar with that case or not, but . . . I'm giving you that fact that we said ten years for something for two years on about a weekly basis of abusing a young girl. I think she was eight to ten at the time. It was too low. We said that and we actually, with all these new rules that we don't get involved in this, we said that's not enough. Taking that fact, how do you explain here that what Judge Erickson did was unreasonable? Well, Judge Erickson said that this defendant had a continuous . . . committed a continuous series of sexual assaults over a period of years. Very accurately describes the case that you're talking about. The facts of this case are that this defendant committed two acts of sexual contact . . . not penetration . . . in a period between April of 2011 and August of 2012. Excuse me, but I thought the PSR said that he was having both vaginal and anal . . . Absolutely not. If you check the PSR, the PSR said that there was a report of that to a forensic investigator and it was denied by the defendant. That charge was dismissed and replaced by the charge of sexual contact. And, at sentencing, the government offered no evidence whatsoever of anything other than these two acts of sexual contact. And, that's why . . . Well, what Judge Erickson said may technically be correct. I don't think it's an accurate description to say that there was a continuing series of sexual assaults over a period of years. There were two discrete incidents over a period of about 15 months. I'm not . . . And, you know, this is a difficult position for me to be in because I'm not . . . I don't want to create the impression that I'm coming up here and saying this is trivial or insignificant. But, again, if we look at this continuum . . . If we look at the sexual assault, it is not at the extremes of the continuum. Now, in this case, the defendant also has a murder conviction for an infant. And, that moves it more towards an extreme on the continuum. And, that would justify an upward departure from the guidelines. But, recall . . . I don't remember . . . I tend to forget these. I've been in Washington, but was there other acts of sexual abuse on other victims? There wasn't. That's what makes this case so difficult. There wasn't. This defendant has no other record of any other type of sexual assault or sexual crime at all. And, yet . . . Well, as Judge Erickson said, it's difficult to imagine a set of circumstances that would be more egregious than the circumstances in this offense. Well, he's referring to the child in this case. Right. So, I guess I shouldn't be trying to link it back to the earlier allegations. Well, you know, I think . . . There was some . . . I think that there was something that greatly disturbed me. But, I think that the job of the sentencing court is to have a set of individualized facts and to base the sentence on those facts. And, I think where we're ultimately going to go with this is . . . I'm going to ask you to find that in this case, there was a clear error of judgment in applying the facts to the law of the case. In reading the transcript, which is always questionable how . . . what we can draw from it. But, it appears, reading between the lines, that Judge Erickson may have believed what I brought up to you earlier, which is that there was this vaginal and anal penetration with this young girl for years. Yes. Is that an issue here? Are you saying that the judge really relied on allegations and not evidence? Well, it's not clear because he never says that. He never made a finding that there was any type of vaginal or anal penetration. And so, since he didn't make that finding, I'm not going to stand here and say that he committed procedural error. If he did make that finding, there's no evidence for it. That's the problem. But, what we have to do is take the facts that we have. And, those facts come from the plea agreement, the change of plea transcript, and then whatever is in the pre-sentence investigation report, and then whatever facts the judge found at sentencing. The district judge also was concerned that the client had been told to stay away from children. It was a sexual predator registration and so forth. And yet, he was hanging out with, I guess, with women with children. Yes. Female children. So, the district judge mentioned that as something that troubled him. He did. I think what he was talking about there was the second issue that he addressed, and that was he felt that Mr. McKay was not amenable to supervision or couldn't be supervised by the court. And, he talked about how he had violated conditions of his state parole or probation. I'm not sure which it was. And, one of those conditions was that he was required to register as a violent offender against children, not a sex offender. And, one of the conditions was that he was not to reside in any household that wasn't approved by his probation officer. This offense occurred when he was living at an address other than his registered address, and there were children residing at that address. But, other than that, the judge said that he's just simply not amenable to supervision. There was one violation where he failed to register. But, if you read the pre-sentence report, it's clear that he attempted to register. He went to the police station and tried to register, and they said, you have to come back another day, which he failed to do. And, that's why he didn't register. The third offense was public intoxication, which typically wouldn't even be reported in federal court for one incident of public intoxication. What about the sexual misconduct within a jail facility? No, that was another thing that he emphasized. And, the sexual misconduct in this case, as described in the pre-sentence investigation report, was two inmates flashing their genitals at each other. Not something to be proud of, but not on the level of an aggressive sexual attack, a forceful sexual encounter. It was stupid. It was immature. But, as far as on that continuum, it's not over on the extreme. But, I want to talk about one last thing, and I'm going to run out of time, so I need to address this, and it really, I think, is serious. He said that this defendant showed little remorse or regret and no attempt to change. I was coming to that, but thank you. Okay. Well, that really disturbs me because this defendant pled guilty. But, not only did he plead guilty and fully accept responsibility for his conduct, he agreed and stipulated to an upward departure from the sentence that was almost twice the top of the guidelines. He stipulated to a sentence of 240 months. And I don't see how you can possibly characterize that as not accepting responsibility. So, I think if you look at the continuum, if you look at these factors, there's factors here that do justify an upward departure. But, to go to say that an upward departure of 200% is not enough, and you have to go to 300% without any explanation other than sexual misconduct in the jail, that, you know, look at the sexual misconduct. Saying that he doesn't accept responsibility when I think he does accept responsibility. If the judge acted on the basis of facts that were not found, we can't consider that here. We have to look at the facts as they existed, and we have to say, based on these facts, is a sentence that's three times the top of the sentencing guideline range substantively reasonable? Or, on the basis of these facts, did the judge, in this case, make a clear error of judgment? And I submit that he did. Thank you. Ms. Morley. Good morning. Good morning. May it please the Court, Mr. Henderson. Your Honor, Judge Riley, you talked about the Cain case, and the Cain case really did talk about the fact that you were quite concerned about the court not sentencing to enough. And they talked about the recidivism factors in the Cain case. And in looking at the Cain case, Pepper came up. And in Pepper, the Pepper court emphasized the likelihood that the defendant would engage in future criminal conduct is a central factor that the district court must assess when imposing sentence. And this was a primary concern to Judge Erickson. In the initial brief by counsel, it was difficult. And as this court has said, sometimes the margin is fuzzy between procedural and substantive error. But it's clear that, from their final brief, that what they are asking this court is to find an abuse of discretion under substantive error. This court has looked at how you do the analysis of an abuse of discretion on a judge, and clearly taking an irrelevant factor and giving it greater weight. Judge Erickson went through the 3553A factors, and he acknowledged a sentence of 240 months, as agreed to by the parties, would sufficiently address these sentencing factors. But when he got to the danger to the community and protecting the public from further crimes of the defendant, that's where Judge Erickson became very, very concerned about this defendant and his likeliness to recidivate. Also in the Cain . . . Well, we've all read the transcript, and you were there, I guess. Were you there for the . . . Yes, Your Honor, I was there. I guess the question is, is there enough there to warrant 30 years? Your Honor, I believe that Judge Erickson answered that question when he went through the colloquy of why he believed it was necessary to sentence him to the 30 years based on the fact of his future dangerousness to the community. The fact that this offense occurred in the home of a woman who had a child, which was a violation of his state probation. He also was supposed to be registering his address as a person who was dangerous to children. And I believe that the court's response when he is doing the sentencing and he states the reason, answers your question, and there's really no pleasant way to look at this other than to say that it . . . Here's the one thing that . . . why I brought up Mr. Henderson about whether he decided . . . Let me ask you whether he was . . . District Court was talking about these allegations and not just the two incidents because he says . . . I'm on page . . . middle of page 9. He says . . . he's talking about the nature and circumstance of particular offenses that there were multiple continuing assaults against a minor child under the age of 12. It took place over the course of years, not days, weeks, but years. And then he goes on. It's difficult to imagine. But we're only talking about, I think, probably pled to two instances, right? That's what was charged in the information, Your Honor. What is he talking about, the multiple? I mean, two is multiple, but what's he talking about that took over a course of years? The pre-sentence investigation report on page 6 and page 5, when he talks about the offense conduct through paragraphs 12 and 16, recounts the information that was the basis of filing the original indictment and then the filing of the subsequent information pursuant to the plea agreement. At the time that the pre-sentence investigation was presented, the information indicates that there were actual instances of vaginal penetration. And as counsel correctly points out, Mr. McCain never did admit to the vaginal penetration and the anal penetration. The government didn't prove it. So that's why I brought up my concern that the district judge may have relied on that. He relied on something here that was . . . The only thing that . . . . . . over many years. When the pre-sentence investigation was presented and he had an opportunity to object to any of the information in the pre-sentence investigation, the objection concerning the pre-sentence investigation at that point is he just doesn't admit that there was vaginal and anal penetration. And he doesn't correct any or object to any of the other statements, but the girl talks about the fact that these instances happened over a period of time and the girl's grandmother states that she did come home at one point and found the girl all covered up and not wanting to speak and staying in her room for three days, that the incidents happened in her bedroom, that they happened in the bedroom of the defendant. And she also talks about . . . the grandmother talks about, and this is not corrected by any objections to the PSIR, which the judge then relied upon, that she got up in the middle of the night and found him in the living room only wearing underwear and the girl on the floor covered up with wide eyes. And she also talks about . . . the little girl talks about the fact that he would give her money to do acts and he would also use force and threaten her. And I believe the judge relied on those facts at the time that he made the statement of the continuing series of attacks. They were not disputed and he can use the information from the PSIR. The other acts of sexual offenses was not just merely flashing their stuff at each other in the prison. There was also instances where the court had . . . excuse me, the prison officials had written up an incident concerning the defendant and the female inmate with bottles and a shampoo banana . . . excuse me, a banana and a shampoo bottle. The court expressed that . . . gravely concerned that this defendant . . . that the only way to keep the public safe from this defendant was to sentence him to a period of 30 years. He did say that he looked at the 240 months and he just couldn't see that that would protect the public. He pointed out the fact that this defendant was under a requirement to register his address. He failed to do that. He pointed out that this defendant was required to not be around children. He failed to do that. In fact, at the time of his arrest, he was in the home of his new girlfriend and she has a minor child. And the judge was also aware of that information from the PSIR. I believe that Judge Erickson certainly was aware of the other acts of misconduct and he certainly took those into consideration. I would ask that this court would affirm the conviction of Mr. McKay and the sentence of Mr. McKay and find that there was no abuse of discretion. Thank you. Thank you. Mr. Hennison, I think you've used your time. Unless there's something that Ms. Morley raised that you really think you have to respond to. Okay, make it brief. Ms. Morley said that the defendant did not object to statements in the PSIR about sexual penetration. Paragraph 15 says that Mr. McKay denied all allegations of vaginal and anal penetration. Ms. Morley mentioned that there was something about another home with another minor child. The defendant did object to that. It's at page 23 in the appendix to the final pre-sentence report and that allegation was taken out of the pre-sentence report. No other evidence was offered to prove that. And finally, on the issue that Judge Erickson said there was no other way to keep the community safe, I think it is relevant that this defendant has never had any opportunity or never had any sex offender treatment. So he's never committed a sex offense before. So it's difficult to make that determination for a defendant who's never been treated. Thank you. Okay, thank you very much. Thank you both for your arguments, both in briefs and oral arguments today. And we'll take it under advisement.